# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES

### v.

### Joselito C. TUALLA
### Electrician s Mate Third Class, U.S. Coast Guard

### CGCMS 24126
### Docket No. 1079

### 27 January 1999

Special Court-Martial convened by Commander, Coast Guard Group, St. Petersburg, Florida. Tried at St. Petersburg, Florida, on 2 July 1996.

| | |
|---|---|
| Military Judge: | CDR Thomas J. Mackell, USCG |
| Trial Counsel: | LCDR Charles J. Bennardini, USCG |
| Detailed Defense Counsel: | LT Bennett Lee, JAGC, USNR |
| Individual Military Counsel: | LT Lisa Bosies, JAGC, USNR |
| Appellate Defense Counsel: | LT Richard R. Beyer, USCGR |
| Appellate Government Counsel: | LT William G. Rospars, USCG |

### OPINION OF THE COURT *EN BANC*
### BEFORE
### BAUM, KANTOR, AND WESTON[*]
### Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by special court-martial, judge alone. Pursuant to pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of two specifications of unauthorized absence, in violation of Article 86 of the Uniform Code of Military Justice (UCMJ); one specification of failure to obey a lawful order, in violation of Article 92, UCMJ; one specification of wrongful use of anabolic steroids, in violation of Article 112a, UCMJ; three specifications of assault, in violation of Article 128, UCMJ; and eight specifications of violating Article 134, UCMJ, which included five specifications of adultery, one specification of intentionally injuring himself by taking approximately twenty tablets of "Nytol," one specification of obtaining Government telephone services of a value of $996.60 by false pretenses, and one specification of willfully and wrongfully confining and holding an individual against

her will. The judge sentenced Appellant to a bad conduct discharge, confinement for five months, reduction to E-2, forfeiture of one-third pay per month for 6 months, and a fine of $996.60, with provision for further confinement of one month upon non-payment of the fine. The convening authority approved the sentence as adjudged, with the exception of the fine enforcement provision, which was disapproved. Before this Court, Appellant has assigned two errors asserting that certain evidence was erroneously admitted at sentencing to Appellant s prejudice. Both of these assigned errors were orally argued. An additional assigned error challenging the civilian judicial appointment to this Court, which was not orally argued, has been resolved by the U.S. Supreme Court contrary to Appellant s position, *Edmond v. United States*, 520 U.S. 651, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997), and is rejected for that reason. A supplemental brief was filed by Appellant after oral argument asserting that all pay withheld from Appellant pursuant to Articles 57(a)(1) and 58b, UCMJ, was done so illegally and must be restored. Our action with respect to that assignment is governed by *U.S. v. Gorski,* 47 M.J. 370 (1997) and *U.S. v. Collova*, 47 M.J. 829 (C.G.Ct.Crim.App. 1998). Pursuant to those decisions, we will order the return of all pay withheld and forfeited solely because of the application of Articles 57(a)(1) and 58b, UCMJ.

In his two assignments of error argued before the Court, Appellant contends that five administrative remarks entries from his service record alleging civilian misconduct were erroneously admitted in evidence over his objection at the sentencing stage of trial and that either a rehearing on the sentence or disapproval of the bad conduct discharge is required in light of the resultant material prejudice. The Government correctly points out that one of the five service record entries is a duplicate of another and that, in actuality, Appellant s complaint pertains to only four different entries. Furthermore, the Government notes that, despite Appellant s assertion that objection was made to all the service record entries, in fact, no objection was interposed at trial to the duplicate entries and that we, therefore, should treat any issue with respect to them as waived. We agree. No objection was made to the entry reflected on duplicate pages and we deem any issue with respect to the introduction of that service record entry to have been waived, particularly since Appellant agreed to a stipulation of facts, (Prosc. Ex. 2), which recounts the very civilian arrest information which Appellant now complains was improperly admitted through the service record document.

Objections were made to the three other service record pages, thus preserving any issues with regard to the matters contained therein. These entries reflect a first alcohol incident, a recommendation against advancement due to low assigned marks in the areas of "Responsibility," "Setting an Example," and "Customs and Courtesies," and a reenlistment interview resulting in a recommendation against reenlistment. Coast Guard Personnel Regulations require the documentation of all these events by service record pages of the kind that were admitted by the judge. Moreover, the rules for courts-martial authorize at the sentencing stage of trial the introduction into evidence of service record entries such as these that show the character of an accused s service. We find no error in the admission of these documents in this trial before a military judge. Furthermore, with respect to the exhibit reflecting a reenlistment interview and recommendation against reenlistment, the military judge specifically stated that he was going to admit it, but that it would not influence his decision one way or another, and that he would give it no weight. Record at 85 and 87. For that reason, even if it had been error to admit that

exhibit, no prejudice accrued from its admission into evidence. In summary, we find no merit to Appellant s two assignments of error concerning the introduction into evidence of the service record documents.

As a separate matter, not assigned as error, we note that the adjudged sentence of forfeitures of one-third pay per month for six months, together with a fine of $996.60, departed from the requirements of Rule for Courts-Martial (RCM) 1003 in two respects. RCM 1003(b)(2) requires forfeitures to be stated as an exact amount in whole dollars rather than as a fraction of the accused s pay. Moreover, RCM 1003(b)(3) permits only a general court-martial to adjudge a fine in addition to forfeitures. Accordingly, this special court-martial was limited to adjudging either a fine or forfeitures, but not both. In order to correct these sentence discrepancies, we can either set aside the fine and affirm forfeitures stated in whole dollars not exceeding one-third pay per month for six months, at the reduced pay grade of E-2, or we may set aside the adjudged forfeitures and affirm the fine. We will correct the sentence by affirming the appropriate amount of forfeitures and setting aside the fine.

After reviewing the record pursuant to Article 66, UCMJ, we have determined that the findings are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty are affirmed. In light of the foregoing discussion concerning the sentence, the fine is set aside. Only so much of the sentence as provides for a bad conduct discharge, confinement for five months, reduction to E-2, and forfeitures of $326 pay per month for six months is affirmed. All property of which Appellant has been deprived by virtue of execution of the fine, which has been set aside, will be restored. Furthermore, collection of additional forfeitures pursuant to Article 58b, UCMJ, and execution of a reduction in pay grade prior to the date of the convening authority s action, pursuant to Article 57(a)(1), UCMJ, are hereby declared illegal. Any such forfeitures already collected from Appellant pursuant to Article 58b, UCMJ, and any pay and allowances withheld because of an early reduction in grade, pursuant to Article 57(a)(1), UCMJ, will be restored.

Judges KANTOR and WESTON concur.

For the Court,

//s//

Brian A. Johnson
Clerk of the Court