# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC
## UNITED STATES

## v.

## Joselito C. TUALLA
## Electrician s Mate Third Class, U.S. Coast Guard

### CGCMS 24126
### Docket No. 1079
### 1 March 1999

Special Court-Martial convened by Commander, Coast Guard Group, St. Petersburg, Florida. Tried at St. Petersburg, Florida, on 2 July 1996.

| | |
|---|---|
| Military Judge: | CDR Thomas J. Mackell, USCG |
| Trial Counsel: | LCDR Charles J. Bennardini, USCG |
| Detailed Defense Counsel: | LT Bennett Lee, JAGC, USNR |
| Individual Military Counsel: | LT Lisa Bosies, JAGC, USNR |
| Appellate Defense Counsel: | LT Sandra K. Selman, USCGR |
| Appellate Government Counsel: | LT Susan Polizzotto, USCGR |

### BEFORE
### THE COURT *EN BANC*
### BAUM, KANTOR, AND WESTON*
### Appellate Military Judges

BAUM, Chief Judge:

On 27 January 1999, this Court affirmed the findings in this case and that portion of the special court-martial sentence which included a bad conduct discharge, confinement for five months, reduction to E-2, and forfeitures of $326 pay per month for six months. An adjudged fine of $996.60 was set aside because Rule for Courts-Martial (R.C.M.) 1003(b)(3) expressly authorizes only a general court-martial to adjudge both a fine and forfeitures in the same sentence. On 29 January 1999, the Government filed a motion for reconsideration of this decision, specifically challenging the setting aside of the fine as contrary to binding higher authority. Without opposition from Appellant, reconsideration was granted on 8 February 1999 and additional briefs have been filed. According to the Government, *U. S. v. Harris*, 19 M.J. 331 (C.M.A. 1985), held that a special court-martial sentence which includes a fine, along with forfeitures, is not unlawful and that this holding is binding precedent for our Court.

Rather than a holding that is binding, we see the discussion of fines and forfeitures in *Harris* to be *obiter dicta*, since the discussion of that issue was not essential to the determination by the Court to order an evidentiary hearing pursuant to *U. S. v. Dubay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967) on an entirely different matter and to ultimately set aside the Army Court of Military Review s decision as to two specifications and the sentence, and return the record for either a rehearing or reassessment of the sentence.[2] These actions related solely to an issue concerning the admissibility of a pretrial statement by the accused and had nothing to do with a fine and forfeitures. The definition of *dictum* in Black s Law Dictionary, Fifth Edition, includes the following explanation: "Statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter dicta, and lack the force of an adjudication." We believe the fines and forfeitures portion of the *Harris* opinion falls squarely within this definition. Notwithstanding our view that *Harris* does not constitute binding precedent on the question whether a special court-martial has authority to adjudge a fine and forfeitures in the same sentence, the treatment of this subject by our higher Court needs to be considered as guidance bearing on the action we should take.

In *U.S. v. Harris*, the Court of Military Appeals looked at the provision relating to fines in the applicable *Manual for Courts-Martial*, *United States,* (*MCM*), at the time, Paragraph 126h(3), *MCM* 1969 (Rev.), which authorized only general courts-martial to impose both a fine and forfeitures, and surmised that any implication from that provision that special courts-martial lack the power to adjudge forfeitures and a fine in the same sentence, "leads to an illogical result which the President would never have intended." *Harris* at 332. In the Court s view, if the President was willing to allow special courts-martial to adjudge fines up to the amount allowed for forfeitures, "no reason would exist for him to prohibit the combination of forfeitures with a fine." *Id*. at 332. We are not convinced that in 1969, when the *Manual* provision was promulgated, the President had no valid reason for prohibiting special courts-martial from combining these punishments, given the history of fines as punishment in the military. See *U.S. v. Papenhagen*, 29 C.M.R. 890 (A.F.B.R. 1960). Today, we discern a new reason for maintaining this prohibition and, possibly, extending it to fines standing alone, when a bad conduct discharge and confinement are also included in the special court-martial sentence. As a result of a 1996 amendment to the UCMJ, Article 58b requires forfeiture of the maximum two-thirds pay during confinement, whenever a special court-martial imposes a bad conduct discharge along with confinement. In that event, the addition of a fine could very well cause the combination of fine and forfeitures to exceed the special court-martial s maximum two-thirds pay per month for six months.

In any event, we are not sure a court has authority to overrule the President s action with regard to punishment limits simply because a reason for a particular sentence rule is not readily apparent. For that matter, it is not at all clear that a Court has the power to substitute its judgment in this area for that of the President for any reason. As the U.S. Supreme Court said in *U.S. v. Evans*, 333 U.S. 483, 486; 68 S.Ct. 634, 636 (1948) "In our system, so far at least as concerns federal powers, defining crimes and fixing penalties are legislative, not judicial, functions." The legislative function of setting punishment limits for special courts-martial and for particular offenses has been Constitutionally delegated by Congress to the President through Articles 19 and 56, UCMJ. *U.S. v Turner*, 30 M.J. 1276 (N.M.C.M.R. 1990). In

accordance with that authority, the President has set punishment limits for offenses and courts in the *Manual for Courts-Martial*. For example, in *MCM*, 1998, Part IV, Paragraph 10e(2)(b), the President has specified the punishment for an unauthorized absence of more than three days, but less than thirty days, as confinement for six months and forfeiture of two-thirds pay per month for six months. A punitive discharge has not been authorized. If a court-martial were to adjudge a bad conduct discharge for that offense, could an appellate court declare the President s failure to authorize a punitive discharge for such an offense illogical and, thereby, affirm the adjudged bad conduct discharge? I think not. My answer is the same for the fine and forfeitures situation we have here. If I am mistaken in this regard, and it is determined that Courts do, in fact, have the authority to invalidate an action of the President under Articles 19 and 56, then, what standard should be applied in taking such a step? The Supreme Court, in looking at whether to overturn an evidence exclusionary rule, promulgated by the President under his Article 36, UCMJ delegated authority, seems to have applied an "arbitrary or disproportionate" test for determining that Rule s efficacy. *U.S. v. Scheffer*, 118 S.Ct. 1261, 1264, 1266 (1998). Arguably, at least a standard of this sort should be met before a Court overturns a sentence rule.

In *U.S. v. Harris*, supra, the Court of Military Appeals did not discuss whether it had authority to supersede the President s determination not to authorize the combined punishment of fine and forfeiture at a special court-martial. It also failed to discuss the standard to be applied in taking such a step, and, as Appellant has pointed out, the Court did not evaluate the history of *Manual for Courts-Martial* language with regard to this particular punishment nor did it address prior case law on the unlawfulness of combining fines and forfeitures. Appellant notes the initial language on this subject in the 1951 *Manual* as stating that all courts-martial have the power to adjudge fines instead of forfeitures in all cases in which the applicable article authorizes punishment as a court-martial may direct. With respect to enlisted persons, however, a fine could be adjudged in lieu of forfeitures only if a punitive discharge was also adjudged. Paragraph 126h(3) and 127c, Table of Maximum Punishments, Section B, *MCM* 1951. The next *Manual*, in 1969, retained language empowering all courts-martial to adjudge fines instead of forfeitures, dropped the punitive discharge requirement for fines against enlisted, and authorized general courts-martial to adjudge fines in addition to forfeitures. It did not extend the latter authority to special courts-martial, however. Furthermore, that authority has not been granted to special courts-martial in any of the four *Manuals* subsequent to 1969. (*MCM* 1984, *MCM* 1994, *MCM* 1995 and *MCM* 1998). That the failure to grant such authority equates to prohibiting this kind of punishment is clear from the analysis of the pertinent Rule 1003b in Appendix 21 of these subsequent *Manuals*. The explanation for R.C.M. 1003b in the analysis appendix states that: "This subsection lists those punishments which are authorized, rather than some which are prohibited. This approach is simpler and should eliminate questions about what punishments a court-martial may adjudge." Appendix 21, Analysis of R.C.M. 1003b, *MCM* 1984, *MCM* 1994, *MCM* 1995, and *MCM* 1998. Clearly, the President has never authorized a special court-martial to combine a fine with forfeitures. Since the President has the Congressionally delegated legislative function to set punishment limits, we do not believe that we have the authority to depart from those limits, absent a binding higher court holding that invalidates the President s action. Accordingly, until such time as that happens, or the President issues a different Rule with respect to fines, we will adhere to our prior determination to set aside the fine in this case.

In light of the foregoing, and pursuant to our responsibilities under Article 66, UCMJ to affirm only

such findings and sentence, or part thereof, as we find are correct in law and fact and determine, on the basis of the entire record, should be approved, we reinstate our earlier decision. The findings of guilty and only so much of the sentence as provides for a bad conduct discharge, confinement for five months, reduction to E-2, and forfeitures of $326 pay per month for six months are affirmed. The fine of $996.60 is set aside. All property of which Appellant has been deprived by virtue of execution of the fine, which has been set aside, will be restored. Furthermore, collection of additional forfeitures pursuant to Article 58b, UCMJ, and execution of a reduction in pay grade prior to the date of the convening authority s action, pursuant to Article 57(a)(1), UCMJ, are hereby declared illegal. Any such forfeitures already collected from Appellant pursuant to Article 58b, UCMJ, and any pay and allowances withheld because of an early reduction in grade pursuant to Article 57(a)(1), UCMJ, will be restored.

Judges KANTOR and WESTON concur.

For the Court

//s//

Brian A. Johnson
Clerk of the Court