# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Aron M. LABBE

## Fireman Apprentice, U.S. Coast Guard

## CGCMS 24157

## Docket No. 1106

## 3 August 1999

Special Court-Martial convened by Commanding Officer, USCGC GALLATIN. Tried at Charleston Air Force Base, Charleston, South Carolina, on 30 June 1998.

| | |
|---|---|
| Military Judge: | CAPT Walter J. Brawand, USCG |
| Trial Counsel: | LTJG Paul Markland, USCG |
| Detailed Defense Counsel: | LT Roger Wilson, JAGC, USNR |
| Appellate Defense Counsel: | LTJG Malcolm L. Orr, USCGR |
| Appellate Government Counsel: | LT Susan Polizzotto, USCGR |

### BEFORE
### PANEL TWO

### BAUM, KANTOR, McCLELLAND

Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a special court-martial before a military judge sitting alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of the following offenses: two specifications of attempted larceny, one specification of unauthorized absence, eight specifications

of larceny, three specifications of stealing mail, and one specification of breaking restriction in violation of Articles 80, 86, 121, and 134 of the Uniform Code of Military Justice (UCMJ), respectively. The judge sentenced appellant to a bad conduct discharge (BCD), confinement for six months, reduction to paygrade E-1, and a fine of $2500. The convening authority deferred payment of the fine and automatic forfeitures under Article 58b, UCMJ, until action on the sentence. Two and a half months after trial, the convening authority took that action, approving the sentence as adjudged, but suspending confinement in excess of ninety-two days for six months, pursuant to the terms of the pretrial agreement.

Before this Court, Appellant has assigned two errors: (1) that the judge erred to Appellant s prejudice by imposing a fine in addition to forfeitures, and (2) that the $2500 fine was excessive. With respect to the second assignment, Appellant argues that the fine should not exceed the amount that he was unjustly enriched. He requests reduction of the fine to $1000 based on this argument. He also cites the lack of aggravating factors such as drugs, assault, or conversion of government property, together with his cooperation during all stages of the proceedings, and the fact that he faces a BCD as other reasons for reduction of the fine. We reject this assignment. A fine need not be limited to the amount of unjust enrichment, *see United States v. Cuen,* 26 C.M.R. 112, 117 n.5, 9 U.S.C.M.A. 332, 337 n.5 (C.M.A. 1958), and none of the other factors advanced by Appellant persuade us that the fine was excessive. The first assignment of error raises issues of another kind, however.

## Limitations on a Fine and Forfeitures Adjudged by Special Court-Martial

Citing this Court s decision in *United States v. Tualla*, 49 M.J. 554, 556 (C.G.Ct.Crim.App.1999), *aff'd on recons.,* 50 M.J. 563 (C.G.Ct.Crim.App.1999), as authority for a rule against inclusion of forfeitures and a fine in the same special court-martial sentence, Appellant contends that the sentence in this case violated the rule. This Court s holding in *Tualla,* that special courts-martial are without authority to adjudge both forfeitures and a fine in the same sentence, has been certified to the Court of Appeals for the Armed Forces for review pursuant to Article 67(a)(2), UCMJ. Notwithstanding that certification, the holding of *Tualla* will be followed in the Coast Guard until such time as our higher Court might should rule otherwise.

At first glance, *Tualla* appears inapplicable to the facts of this case, since no forfeitures were adjudged by the court, only a fine. Appellant argues, however, that, even without adjudged forfeitures, the prohibition against both a fine and forfeitures in the same sentence was breached when the sentence included confinement and a BCD, because such a sentence activates automatic forfeitures by operation of law pursuant to Article 58b, UCMJ. In support of this proposition, Appellant cites *United States v. Gorski*, 47 M.J. 370 (1997), the Court of Appeals for the Armed Forces decision that found such forfeitures to be punishment for *ex post facto* purposes. Indeed, by its exercise of jurisdiction over a challenge to these forfeitures and by ordering the return to the accused of such forfeitures upon determining that they violated the Constitution s *ex post facto* proscription, the Court of Appeals for the Armed Forces treated such automatic forfeitures as inextricably tied to the court-martial sentence. In light of that opinion and our own decisions following its holding, it is our view that forfeitures required by Article 58b, UCMJ, should be treated by us in the same manner as adjudged forfeitures for purposes

of assessing whether a fine may be imposed as part of a special court-martial sentence. Given this determination, we find that the forfeitures required by Article 58b, UCMJ, caused the adjudged sentence in this case to violate the rule against inclusion of a fine and forfeitures in the same special court-martial sentence.

Furthermore, even if a special court-martial had authority to impose both forfeitures and a fine at one time, RCM 1003(b)(3) limits special court-martial fines to the total amount of forfeitures that court may adjudge, namely two- thirds pay per month for six months. Since the court s adjudged confinement of six months brings with it forfeitures under Article 58b of two-thirds pay per month for six months, that would necessarily cause the fine to exceed the maximum allowed by RCM 1003(b)(3), upon the accused s incarceration for that period. A lesser period of confinement could also cause the fine to be excessive, if the forfeitures generated by Article 58b, UCMJ, when coupled with the fine, amounted to more than two- thirds pay for six months. In this case, the convening authority deferred the Article 58b forfeitures, at Appellant s request, until action was taken on the sentence. When the convening authority took his action two and a half months after trial, he suspended all confinement in excess of 92 ninety-two days pursuant to the terms of the pretrial agreement and Appellant apparently was released from confinement. Since Article 58b forfeitures apply only to pay due a member during confinement or parole, such forfeitures should not have taken effect in this case. In fact, the Government has informed the Court that no pay was ever forfeited by the Appellant and the suspended confinement has been remitted. In this regard, we note that Since aa court-martial sentence is inchoate until approved by the convening authority. , *United States v. Ruppel*, 49 M.J. 247, 252 (1998). Thus, despite its inchoate defects when adjudged, , the convening authority's action sentence in this case resulted in an effective sentence that , at that point, violated neither violated neither RCM 1003(b)(3) nor nor *Tualla*. , despite its defects when adjudged. For this reason, we also reject Appellant s first assignment of error must also be rejected.

After review of the record pursuant to Article 66, UCMJ, we have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.

Judges KANTOR and McCLELLAND concur.

For the Court,
Joseph A. Baum
Chief Judge