**UNITED STATES**

v.

**Sean M. INDRI, Seaman Recruit,**
**U.S. Coast Guard.**

**CGCMS 24148.**
**Docket No. 1099.**

U.S. Coast Guard Court of
Criminal Appeals.

10 Aug. 1999.

Trial Counsel: CDR Thomas R. Cahill, USCG.

Detailed Defense Counsel: LT Kimberly D. Barnes, JAGC, USNR.

Appellate Defense Counsel: LTJG Mark A. Cunningham, USCGR.

Appellate Government Counsel: LT Susan Polizzotto, USCGR.

Before PANEL FIVE BAUM, WESTON, and McCLELLAND, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by a special court-martial, military judge alone. Contrary to his pleas, he was convicted of the following offenses: one specification of fraudulent enlistment, one specification of unauthorized absence, and one specification of wrongful solicitation to make a false statement in violation of Articles 83, 86, and 134 of the Uniform Code of Military Justice (UCMJ), respectively. The judge sentenced appellant to six months confinement and a bad conduct discharge (BCD). The convening authority approved the sentence, but suspended the

BCD for a period of twelve months, and, according to briefs from the defense and the Government, Appellant has since been separated from the Coast Guard with an administrative discharge. Before this Court, Appellant has assigned three errors: (1) that the military judge erred by denying the defense motion to dismiss charges for lack of speedy trial in contravention of Article 10, UCMJ; (2) that the military judge erred by using exceptions and substitutions to substantially change the nature of specification 1 of additional charge II; and (3) that the approved sentence is inappropriately severe.

■ Appellant was tried two weeks after charges were preferred against him and within forty-two days of his apprehension and pretrial confinement. We find that the Government exercised due diligence in bringing Appellant to trial. Accordingly, having determined that Appellant's right to a speedy trial under Article 10, UCMJ, was not violated, we reject the first assignment of error. With respect to the second assignment, we have concluded that the military judge's finding of guilty by exceptions and substitutions did not substantially change the nature of the specification of additional charge II. For this reason, the second assignment of error is also rejected.

■ In his third assignment of error, Appellant contends that the approved confinement for six months is inappropriate, considering his particular circumstances and the nature of the offenses. Those circumstances, as brought out by Appellant at trial and before this Court, reveal that while at Coast Guard Training Center, Cape May, New Jersey, undergoing recruit training, he was notified of his mother's death and was allowed to leave training to attend the funeral. After his return, the record reflects that he began to exhibit symptoms of extreme stress. During the weeks preceding his unauthorized absence, the distress manifested itself in a number of physical symptoms, including depression, crying spells, confusion, loss of appetite, and weight loss. He apparently even began to hallucinate about his dead mother. He was seen by the medical officer at the Training Center, who recommended that he be medically discharged for depression. However, Appellant told his recruit company commander that he desired to complete his recruit training. The recruit company commander supported Appellant's retention and Appellant was returned to duty. In retrospect, it appears that the effect of Appellant's medical condition may have been underestimated by both Appellant and his command. A Navy psychiatrist testified at trial that, after interviewing Appellant and reviewing his record, had Appellant been referred to him at the time Appellant was medically evaluated at the Training Center, he would have declared him not fit for duty and admitted him to the hospital.

In the face of this evidence, the court imposed a sentence of a BCD and six months confinement for this seaman recruit (E–1). In practical effect, that sentence amounted to the jurisdictional maximum for a special court-martial, if we take into consideration the forfeiture of two-thirds pay per month for six months mandated by Article 58b, UCMJ[1]. See *United States v. Gorski*, 47 M.J. 370 (1997); *United States v. Tualla*, 49 M.J. 554 (C.G.Ct.Crim.App.1999), *aff'd on reh'g*, 50 M.J. 563, (C.G.Ct.Crim.App.1999); *United States v. Rees*, 48 M.J. 935 (C.G.Ct. Crim.App.1998)*; United States v. Caldwell*, 48 M.J. 834 (C.G.Ct.Crim.App.1998); *United States v. Collova*, 47 M.J. 829 (C.G.Ct.Crim. App.1998). At this point, however, the convening authority has ameliorated that sentence by suspending the BCD and Appellant has served his confinement. Moreover, Appellant's administrative separation from the Coast Guard has served to remit the suspended BCD under the terms of RCM 1108(e). Also, the remission acts to cancel the BCD pursuant to RCM 1108(a). *United States v. Spradley*, 41 M.J. 827, 832 (N.M.Ct. Crim.App.1995). Nevertheless, Appellant contends that further relief is warranted and requests that this Court set aside his court-martial conviction.

---

1. Article 58b provides, among other things, that a member's court-martial sentence, which includes confinement and a BCD "shall result in the forfeiture of pay...due that member during any period of confinement or parole.... [A]nd, in the case of a special court-martial, [that forfeiture] shall be two-thirds of all pay due that member during such period."

We decline to grant the relief sought by Appellant. Rather, in light of the medical evidence of Appellant's severe depression and after considering the other circumstances surrounding these offenses, we conclude that an approved BCD, albeit suspended and remitted, together with confinement in excess of the ninety days requested by the Government in argument on the sentence, are not warranted. Accordingly, we will disapprove those portions of the sentence.[2] Further, Article 58b(c), UCMJ, provides that the pay and allowances forfeited by reason of a sentence that includes confinement and a punitive discharge shall be repaid if the finally approved sentence does not provide for one of those punishments. With the disapproval of the BCD, the approved sentence no longer provides for a BCD, and thus, requires return of the forfeitures.

In light of the foregoing, and upon review of the record in accordance with Article 66, UCMJ, we have determined that the findings are correct in law and fact and on the basis of the entire record should be approved, but that the sentence should be reduced. Accordingly, we affirm the findings of guilty and only so much of the sentence as provides for ninety days confinement. The BCD is set aside and, consequently, all forfeitures

collected or withheld pursuant to Article 58b(c) shall be returned to Appellant.

Judge WESTON concurs.

McCLELLAND, J., concurring in part and dissenting in part:

I concur in the rejection of the first two assigned errors. I dissent from the Court's reduction of the sentence. I would leave the sentence unchanged. Although there are extenuating circumstances surrounding the unauthorized absence and solicitation, the accused was also convicted of fraudulent enlistment, which preceded and had nothing to do with his mother's death. To me, this conviction by itself largely justifies the sentence adjudged. Further, the Court seems to measure the appropriate sentence by the special court-martial's jurisdictional limit on sentence. I do not agree with that approach.

---

**2.** Contrary to the implication in Judge McClelland's dissent, we would consider the sentence adjudged inappropriately severe irrespective of whether this case was referred to a special or general court-martial.