# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Sean M. INDRI

## Seaman Recruit, U.S. Coast Guard

## CGCMS 24148

## Docket No. 1099

## 10 August 1999

Special Court-Martial convened by Commanding Officer, Coast Guard Training Center Cape May. Tried at Coast Guard Training Center Cape May, New Jersey, on 23-24 February 1998.

| | |
|---|---|
| Military Judge: | CDR Steven Darmody, USCG |
| Trial Counsel: | CDR Thomas R. Cahill, USCG |
| Detailed Defense Counsel: | LT Kimberly D. Barnes, JAGC, USNR |
| Appellate Defense Counsel: | LTJG Mark A. Cunningham, USCGR |
| Appellate Government Counsel: | LT Susan Polizzotto, USCGR |

**BEFORE**
**PANEL FIVE**

**BAUM, WESTON, McCLELLAND**

Appellate Military Judges

BAUM Chief Judge:

Appellant was tried by a special court-martial, military judge alone. Contrary to his pleas, he was convicted of the following offenses: one specification of fraudulent enlistment, one specification of unauthorized absence, and one specification of wrongful solicitation to make a false statement in

violation of Articles 83, 86, and 134 of the Uniform Code of Military Justice (UCMJ), 10 USC §§ 883, 886, and 934, respectively. The judge sentenced appellant to six months confinement and a bad conduct discharge (BCD). The convening authority approved the sentence, but suspended the BCD for a period of twelve months, and, according to briefs from the defense and the Government, Appellant has since been separated from the Coast Guard with an administrative discharge. Before this Court, Appellant has assigned three errors: (1) that the military judge erred by denying the defense motion to dismiss charges for lack of speedy trial in contravention of Article 10, UCMJ; (2) that the military judge erred by using exceptions and substitutions to substantially change the nature of specification 1 of additional charge II; and (3) that the approved sentence is inappropriately severe.

Appellant was tried two weeks after charges were preferred against him and within forty twoforty-two days of his apprehension and pretrial confinement. We find that the Government exercised due diligence in bringing Appellant to trial. Accordingly, having determined that Appellant s right to a speedy trial under Article 10, UCMJ, was not violated, we reject the first assignment of error is rejected. With respect to the second assignment, we have concluded that the military judge s finding of guilty by exceptions and substitutions did not substantially change the nature of the specification of additional charge II. For this reason, the second assignment of error is also rejected.

In his third assignment of error, Appellant contends that the approved confinement for six months is inappropriate, considering his particular circumstances and the nature of the offenses. Those circumstances, as brought out by Appellant at trial and before this Court, reveal that while at Coast Guard Training Center, Cape May, New Jersey, he was undergoing recruit training, at Cape May, New Jersey, when his absence offense commenced. Some time prior to that, he had beenwas notified of his mother s death and was allowed to leave training to attend the funeral. After his return, the record reflects that he began to encounter exhibit symptoms of extreme stress. , leading to his unauthorized absence. Appellant points out that during During the weeks preceding his unauthorized that absence, the distress manifested itself in a number of physical symptoms, including depression, crying spells, confusion, loss of appetite, and weight loss. He apparently even began to hallucinate about his dead mother . and He was seen by the medical officer at Cape Maythe Training Center, who recommended that he be medically discharged for depression. However, Appellant returned to duty, however, after evincing conveyedtold to his recruit company commander that he desired to a desire to complete his recruit training., The recruit company commander supported Appellant's request to the chain of retention and command which his recruit company commander favorably endorsed and it was decided Appellant was returned to return Appellant to duty. In retrospect, it appears that the effect of Appellant's medical condition may have been underestimated by both Appellant and his command. A Navy psychiatrist testified at trial that, after interviewing Appellant and reviewing Appellant s his record, it was his belief that, had he seen Appellant been referred to him at the time Appellant was medically evaluated at the Training Center, at the time, he would have declared him not unfit for duty and admitted him to the hospital.

Given the foregoing facts in extenuation and mitigation of the offenses, we believe aUnder the circumstances in this case, we agree with Appellant that the approved sentence that constitutes the

jurisdictional maximum for a special court-martial is excessivewas inappropriately severeIn the face of this evidence,. tThe court s imposed a sentence of a BCD and six months confinement for this seaman recruit (E-1). In practical effect, that sentence amounted to just thatthe jurisdictional maximum for a special court-martial, if we take into consideration the forfeiture of two-thirds pay per month for six months mandated by Article 58b, UCMJ. See *U.S.United States v. Gorski*, 47 M.J. 370 (1997); *U.S. United States v. Tualla*, 49 M.J. 554 (C.G.Ct.Crim.App. 1999), *aff'd on reh'g,* 50 M.J. 563, (C.G.Ct. Crim App. 1999); *U.S.United vStates v. Rees*, 48 M.J. 935 (C.G.Ct.Crim.App. 1998*); U.S.United vStates v. Caldwell,* 48 M.J. 834 (C.G.Ct.Cim.App. 1998); *U.S.United vStates v. Collova*, 47 M.J. 829 (C.G. Crim.App. 1998). Under the circumstances in this case, we find that the adjudged sentence was inappropriately severe. At this point, however, Tthe convening authority has ameliorated theat sentence by suspending the BCD and Appellant has served his confinement. Moreover, Appellant s administrative separation from the Coast Guard has served to remit the suspended BCD under the terms of RCM 1108 (e), which acts to cancel the BCD pursuant to RCM 1108 (a). Nevertheless,but, despite the remission of that discharge and the ultimate separation of Appellant from the Coast Guard administratively separation of Appellant from the Coast Guard , he contends that further relief is appropriate in light of the maximum six months confinement that was approved by the convening authority and.. requests that this Court set aside his court-martial conviction.At this point, however, the convening authority has ameliorated that sentence by suspending the BCD and Appellant has served his confinement. Moreover, Appellant s administrative separation from the Coast Guard has served to remit the suspended BCD under the terms of RCM 1108 (e). Also, the remission acts to cancel the BCD pursuant to RCM 1108 (a). *United States v. Spradley,* 41 M.J. 827, 832 (N.M.Ct.Crim.App. 1995). Nevertheless, Appellant contends that further relief is warranted and requests that this Court set aside his court-martial conviction.

We decline to grant the relief sought by Appellant. Rather, in light of the medical evidence of Appellant's severe depression and after considering the other circumstances surrounding these offenses, we conclude that an approved BCD, albeit suspended and remitted, together with confinement in excess of the ninety days requested by the Government in argument on the sentence, are not warranted. Accordingly, we will disapprove those portions of the sentence. Further, Article 58b(c), UCMJ, provides that the pay and allowances forfeited by reason of a sentence that includes confinement and a punitive discharge shall be repaid if the finally approved sentence does not provide for one of those punishments. With the disapproval of the BCD, the approved sentence no longer provides for a BCD, and thus, requires return of the forfeitures.

We agree. However, wW, who has requested Because a reduction in that confinement would not benefit Appellant now, all confinement having been served, he requests that this Court set grant relief from the excessive sentence by setting aside his court-martial conviction..

We believe that additional mitigating action is warranted, but not as requested by Appellant. Return of the collected forfeitures strikes us as a more appropriate step, relating as it does to the effect of the maximum components of the adjudged sentence. Those components were a BCD and six months confinement, which, by operation of Article 58b, UCMJ, required the forfeiture of two-thirds of Appellant s pay while he was confined. Without a BCD, those forfeitures would not be authorized.

Remission of the suspended BCD might possibly serve to force the return of previously collected forfeitures, but we do not know for certain if that is the case. Documents filed with the Court by Appellant reflect that pay was forfeited, without indication whether Appellant s administrative discharge and remission of the suspended BCD have affected that action. In order to make certain that those forfeitures are returned, we will set aside the BCD and thereby remove the legal basis for forfeitures under Article 58b.

In light of the foregoing, and upon review of the record in accordance with Article 66, UCMJ, we have determined that the findings areare correct in law and fact and on the basis of the entire record should be approved, but that the sentence should be reduced. Accordingly, we affirm the findings of guilty and only so much of the sentence as provides for ninety days confinement. The BCD is set aside and, consequently, all forfeitures collected or withheld pursuant to Article 58b(c) shall be returned to Appellant. , but that the sentence should be reduced. Accordingly, the findings of guilty are affirmed and only so much of the sentence as provides for six months confinement is affirmed. The bad conduct discharge is set aside and, as a result, forfeitures under Article 58b, UCMJ, are determined to be unauthorized. For that reason, all forfeitures collected pursuant to that Article of the UCMJ shall be returned to Appellant.

Judge WESTON concurs.

McCLELLAND, J., concurring in part and dissenting in part:

I concur in the rejection of the first two assigned errors. I dissent from the Court's reduction of the sentence. I would leave the sentence unchanged. Although there are extenuating circumstances surrounding the unauthorized absence and solicitation, the accused was also convicted of fraudulent enlistment, which preceded and had nothing to do with his mother's death. To me, this conviction by itself largely justifies the sentence adjudged. Further, the Court seems to measure the appropriate sentence by the special court-martial's jurisdictional limit on sentence. I do not agree with that approach.

 For the Court,

J.H. BAUM

Chief Judge