# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Joselito C. TUALLA
## Electrician s Mate Third Class, U.S. Coast Guard

**CGCMS 24126**
**Docket No. 1079**

**6 June 2000**

Special Court-Martial convened by Commander, Coast Guard Group, St. Petersburg, Florida. Tried at St. Petersburg, Florida, on 2 July 1996.

Military Judge: CDR Thomas J. Mackell, USCG
Trial Counsel: LCDR Charles J. Bennardini, USCG
Detailed Defense Counsel: LT Bennett Lee, JAGC, USNR
Individual Military Counsel: LT Lisa Bosies, JAGC, USNR
Appellate Defense Counsel: LT Sandra K. Selman, USCGR
Appellate Government Counsel: LCDR C. P. Reilly, USCG

## BEFORE
## THE COURT *EN BANC*

## BAUM, KANTOR, AND WESTON*

Appellate Military Judges

Per Curiam:

On 27 January 1999, this Court affirmed the findings in this case and that portion of the special court-martial sentence which included a bad conduct discharge, confinement for five months, reduction to E-2,

and forfeitures of $326 pay per month for six months, but set aside a fine of $996.60 based on our interpretation of Rule for Courts-Martial (R.C.M.) 1003(b)(3) as authorizing only a general court-martial to adjudge both a fine and forfeitures in the same sentence. Subsequently, on reconsideration, this Court reaffirmed that decision. The General Counsel of the Department of Transportation, as Judge Advocate General for the Coast Guard pursuant to Article 1(1), Uniform Code of Military Justice (UCMJ), sent that decision to the Court of Appeals for the Armed Forces for review in accordance with Article 67(a)(2), UCMJ. That Court affirmed our decision as to findings, but set aside the decision as to sentence and remanded the case to this Court for further proceedings. Specifically, the Court of Appeals for the Armed Forces held that Rule for Courts-Martial (R.C.M.) 1003(b)(3) does not preclude a special court martial from adjudging both a fine and forfeitures in the same sentence so long as the combined total does not exceed the amount of forfeitures authorized for that forum. Appellant notes that we are bound to follow the decision of the Court of Appeals for the Armed Forces in this regard, but, in so doing, requests that we affirm only that portion of Appellant s sentence that we independently determine is correct in law and fact and should be affirmed pursuant to our mandate under Article 66, UCMJ.

We have reviewed the record in accordance with our responsibilities under Article 66, UCMJ. Upon such review, we have noted, as we did before, that the adjudged sentence includes forfeiture of one-third pay per month for six months. That portion of the sentence departs from the requirement of RCM 1003(b)(2) by failing to state the amount of forfeitures in whole dollars rather than a fraction of the accused s pay. Other than that irregularity, the sentence is deemed to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the sentence as approved below is affirmed as to the bad conduct discharge, confinement, reduction and fine, but only so much of the forfeitures as provides for $326 pay per month for six months is affirmed. As we declared in our earlier decisions, collection of additional forfeitures pursuant to Article 58b, UCMJ, and execution of a reduction in pay grade prior to the date of the convening authority s action, pursuant to Article 57(a)(1), UCMJ, would be unlawful. Any such forfeitures collected from Appellant pursuant to Article 58b, UCMJ, and any pay and allowances withheld because of an early reduction in grade pursuant to Article 57(a)(1), UCMJ, will be restored.

For the Court,

//s//

James P. Magner
Clerk of the Court