# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Aaron S. HEWITT,
### Boatswain's Mate Third Class (E-4), U.S. Coast Guard

## CGCMG 0199

## Docket No. 1220

## 30 March 2005

General Court-Martial convened by Commander, Thirteenth Coast Guard District.  Tried at Seattle, Washington, on 24 – 25 May 2004.

| | |
|---|---|
| Military Judge: | CAPT Sharon W. Fijalka, USCG |
| Trial Counsel: | LCDR Jason R. Hamilton, USCG |
| Assistant Trial Counsel: | LT Aaron W. Reiman, USCG |
| Defense Counsel: | LT Hollis M. Nickens, JAGC, USNR |
| Assistant Defense Counsel: | LT Joseph E. Carilli, JAGC, USN |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

### BEFORE
### PANEL TEN
### BAUM, McCLELLAND, & FELICETTI
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of forcible sodomy, in violation of Article 125, Uniform Code of Military Justice (UCMJ); two specifications of indecent assault and one specification of wrongfully providing alcoholic beverage to an individual under the age of twenty-one years, in violation of Article 134, UCMJ.

The judge sentenced Appellant to a dishonorable discharge, confinement for eighty-four months, and reduction to E-1.  The Convening Authority approved the sentence as adjudged but

suspended confinement in excess of sixty months for twelve months from the date of Appellant's release from confinement as required by the pretrial agreement. The Convening Authority also credited Appellant with six days of pretrial confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

Before this Court, without admitting that the findings and sentence were correct in law and fact, Appellant originally submitted this case on its merits as to any and all errors. However, in response to a Court Order for briefing on the issue of sentence appropriateness to assist the Court in meeting its Article 66(c), UCMJ, responsibility in this regard, Appellant has submitted a brief documenting his post-trial diagnosis with Human Immunodeficiency Virus (HIV), the impact that condition has on his future health, and the bearing of these factors in determining an appropriate sentence. The Government in its brief observes that judges of this Court in other cases have considered in sentence appropriateness determinations medical conditions that pre-date an Appellant's misconduct and the possible impact of the conditions on the misconduct. *United States v. Hughes*, 59 M.J. 948, 952-53 (C.G.Ct.Crim.App. 2004)(Baum, C.J. concurring in part, dissenting in part)(HIV diagnosis); *United States v. Holz*, 59 M.J. 926, 933-34 (C.G.Ct.Crim.App. 2004)(Baum, C.J. concurring in part, dissenting in part)(head injury); *United States v. Indri*, 51 M.J. 508, 510 (C.G.Ct.Crim.App. 1999) (medical evidence of depression). The Government notes, however, that Appellant's HIV diagnosis was not a factor in his misconduct since it post-dates his trial, implying that we should not consider it as bearing on the sentence.

The issue whether we may consider post-trial information in our determination on the sentence was settled in *United States v. Hutchison*, when this Court held that facts developed after trial, "if properly a part of the entire record, may be considered by this Court when determining a sentence that should be approved pursuant to Article 66(c), UCMJ." *United States v. Hutchison*, 56 M.J. 684, 686 (C.G.Ct.Crim.App. 2001), *holding aff'd, but case remanded on other grounds for further review,* 57 M.J. 231, 234 (C.A.A.F. 2002). Here, as in *Hutchison*, the information at issue was first raised in a clemency petition to the Convening Authority and became a part of the record of trial in this manner. Clearly, then, this Court may factor Appellant's positive HIV diagnosis into the equation when arriving at a decision on what

sentence should be approved. Appellant focuses on the potential deterioration of his health and his possible need for specialized medical care should his condition develop into Acquired Immune Deficiency Syndrome (AIDS). As a result, Appellant asks that this Court disapprove his punitive discharge so that he will not be precluded from receiving care from the Department of Veterans Affairs (VA). The Government in its answer on that point submits that "it is not altogether clear that Appellant is not entitled to VA benefits for his prior period of service." According to the Government in its brief, "A dishonorable discharge does not necessarily bar benefits from a prior period of honorable service. *See* Vet. Aff. Op. Gen. Couns. Prec. 61-91, 1991 WL 639233 (D.V.A.) [Appendix A.]." Citing *Gammill v. West*, 16 Vet. App. 384 (Table), 1999 WL 165463 (Vet. App.) and Bd. Vet. App. 9503442 WL 17177323 (Bd. Vet. App.), the Government asserts that the question that must be answered is whether Appellant's first act of misconduct makes his entire period of service dishonorable. On the other hand, according to the Government, even if this Court were to set aside the dishonorable discharge, the Appellant may not receive any VA benefits if it is determined that Appellant's misconduct makes his entire period of service dishonorable. Accordingly, to accomplish what the Appellant seeks, the Government contends that the Court would be required to speculate on the decision the VA would reach and urges that we not permit speculation of possible VA benefits to control our Article 66, UCMJ, duty to determine an appropriate sentence.

We find that argument persuasive, and have therefore taken care not to allow speculation as to eligibility for medical benefits to drive our sentence decision. Nevertheless, we have taken into consideration Appellant's HIV diagnosis as a proper matter bearing on an appropriate sentence. Weighing that information together with the nature of Appellant's misconduct and his five years of service in the Coast Guard at the time of trial that was otherwise free of courts-martial and nonjudicial punishment, as reflected by the record, we are not convinced that a dishonorable rather than a bad-conduct discharge is the appropriate discharge in this case. Furthermore, in meeting our sentence responsibilities, as outlined in *United States v. Baier*, 60 M.J. 382, 384-385 (C.A.A.F. 2005), we will also set aside confinement in excess of sixty months that was previously suspended. As a minority view, I would further reduce the confinement to thirty-six months, but, without another vote for that sentence, I concur in reducing the confinement to sixty months.

After reviewing the record in accordance with Article 66, UCMJ, the findings and so much of the sentence as provides for a bad-conduct discharge, confinement for sixty months, and reduction in rate to E-1 are determined to be correct in law and fact and, on the basis of the entire record, should be approved. All confinement in excess of sixty months is set aside. Accordingly, the findings of guilty and so much of the sentence, approved below, as includes a bad-conduct discharge, confinement for sixty months, and reduction to E-1, are affirmed.

Judge McCLELLAND and Judge FELICETTI concur.



For the Court,


Roy Shannon Jr.
Clerk of the Court