IN THE CASE OF


UNITED STATES, Appellant

v.

Marlon D. HUTCHISON, Machinery Technician Second Class
U.S. Coast Guard, Appellee

No. 02-5001

Crim. App. No. 1090

United States Court of Appeals for the Armed Forces

Argued May 1, 2002

Decided August 30, 2002


<u>Counsel</u>


For Appellant: <u>Lieutenant Sandra J. Miracle</u> (argued and on brief).


For Appellee: <u>Commander Jeffrey C. Good</u> (argued and on brief).


Military Judge:  Robert Bruce


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

United States v. Hutchison, No. 02-5001/CG

PER CURIAM:

A general court-martial composed of a military judge sitting alone convicted appellee, contrary to his pleas, of rape, forcible sodomy of a minor, adultery, and indecent acts upon a minor, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 USC §§ 920, 925, and 934, respectively.  He was sentenced to a bad-conduct discharge, confinement for 28 months, and reduction to the lowest enlisted grade.  The convening authority approved the sentence as adjudged.

A panel of the Court of Criminal Appeals affirmed the findings.  However, the court affirmed only that part of the sentence extending to confinement for 28 months pursuant to its statutory responsibility to review the sentence under Article 66(c), UCMJ, 10 USC § 866(c).  55 MJ 574 (C.G.Ct.Crim.App. 2001).  The full Court of Criminal Appeals, upon motion by the Government for reconsideration en banc, approved the panel decision.  56 MJ 684 (2001).  The General Counsel of the Department of Transportation certified to our Court four issues related to the action on the sentence by the Court of Criminal

Appeals.[1]  For the reasons set forth below, we remand the case to the Court of Criminal Appeals for clarification.


## I. BACKGROUND

In January 1997, appellee telephoned civilian police authorities in South Carolina to report that he had committed an act of sexual abuse on his 12-year-old stepdaughter at their off-base residence.  He cooperated in the ensuing civilian investigation.  Military charges were preferred on February 21, and he was indicted on state charges by civilian authorities on April 17.

On April 28, the convening authority referred the military charges to trial by general court-martial.  Because civilian charges were pending in South Carolina, the convening authority

---

[1] The General Counsel certified the following issues:

I.  DID THE COAST GUARD COURT OF CRIMINAL APPEALS ERR WHEN IT CONSIDERED MATTERS CONCERNING A STATE COURT'S CONVICTION AND SENTENCE -- IMPOSED AFTER A COURT-MARTIAL FOR THE SAME OFFENSES -- AS PART OF THE "RECORD" DURING ITS ARTICLE 66(c), UCMJ, SENTENCE APPROPRIATENESS DETERMINATION?

II.  DID THE CGCCA ERR WHEN IT DISAPPROVED APPELLANT'S BAD-CONDUCT DISCHARGE AND REDUCTION IN PAYGRADE IN AN EFFORT TO "LESSEN" THE "EFFECT" OF A STATE COURT'S CONVICTION AND SENTENCE THAT WAS IMPOSED AFTER A COURT-MARTIAL FOR THE SAME OFFENSES?

III.  DID THE CGCCA ERR WHEN, DURING ITS SENTENCE APPROPRIATENESS DERTERMINATION, IT CONSIDERED ALTERNATIVE ADMINISTRATIVE ACTIONS IN LIEU OF TRIAL BY COURT-MARTIAL THAT WERE AVAILABLE TO THE CONVENING AUTHORITY?

IV.  DID THE CGCCA ERR WHEN IT REASSESSED A SENTENCE BECAUSE IT QUESTIONED THE COAST GUARD'S DECISION TO COURT-MARTIAL A SERVICEMEMBER WHILE A STATE TRIAL WAS PENDING FOR THE SAME ACTS, DESPITE FINDING THAT THE COAST GUARD FOLLOWED SERVICE REGULATIONS?

was required by Coast Guard regulations to obtain authorization from the Commandant of the Coast Guard for the court-martial. See para. B-4-a, ch. 2, Military Justice Manual, COMDTINST M5810.1C (Change 4, 14 Feb 1997). The convening authority sought such authorization on May 27, which was granted on May 28. During appellee's court-martial, which began on July 9 and concluded on July 15, 1997, neither party brought to the attention of the court any matter concerning appellee's pending civilian trial in state court.

On September 11, prior to the convening authority's action on appellee's military trial, appellee appeared in state court and entered a guilty plea to committing a lewd act upon a child. He was sentenced to five years' confinement, which was suspended with two years' probation. The probation was tolled until appellee was released from military custody.

On December 3, appellee's individual military defense counsel filed a request for clemency with the convening authority pursuant to RCM 1105, Manual for Courts-Martial, United States (2000 ed.),[2] including a request to disapprove the punitive discharge and suspend the balance of confinement, emphasizing appellee's acceptance of responsibility and his potential for rehabilitation. In the memorandum supporting the

---

[2] RCM 1105(b) was amended after appellant's court-martial, on May 27, 1998, by Executive Order Number 13086.

requested reduction in sentence, which was not approved by the convening authority, defense counsel contended that the goals of sentencing would be met by the other aspects of appellee's military sentence. In addition, defense counsel included information concerning the civilian proceedings and sentence to underscore appellee's acceptance of responsibility and his potential for rehabilitation, contending that the goals of military sentencing would be met through the monitoring and supervision imposed by state authorities under his state sentence.

Among the issues raised before the Court of Criminal Appeals, appellee contended that the dual proceedings before military and state courts constituted a double-jeopardy violation. See U.S. Const. amend. V; Art. 44, UCMJ, 10 USC § 844. In addition, he contended that the convening authority had not obtained an appropriate authorization under Coast Guard regulations for a military trial while state civilian proceedings were pending. The court rejected both legal arguments. 55 MJ at 579, 581. The court determined, however, that it was appropriate to take into account appellee's civilian sentence in exercising its broad authority under Article 66(c), supra, to determine what sentence should be approved. After considering appellee's potential for rehabilitation, including the impact of appellee's civilian sentence, the court approved

5

the confinement served and disapproved the punitive discharge and reduction in grade.  55 MJ at 582.

## II.  DISCUSSION

The initial responsibility for approval of the sentence is vested in the convening authority.  See Art. 60(c), UCMJ, 10 USC § 860(c).  The accused may submit for the convening authority's consideration anything "that may reasonably tend to affect the convening authority's decision whether to . . . approve the sentence."  RCM 1105(b)(1), Manual, supra; see Art. 60(b)(1). The submission may include "[m]atters in mitigation which were not available for consideration at the court-martial," see RCM 1105(b)(2)(C), as well as certain matters that could have been raised by the accused at trial but which the accused chose not to raise, such as a prior nonjudicial punishment under Article 15, UCMJ, 10 USC § 815, for the same misconduct.  See United States v. Gammons, 51 MJ 169, 183 (1999).

During subsequent review of the sentence approved by the convening authority, the Court of Criminal Appeals must review "the entire record."  Art. 66(c).  Based upon that review, the court then must determine whether the sentence approved by the convening authority "should be approved" or whether the court should approve only a "part or amount of the sentence."  Id. The breadth of the power granted to the Courts of Criminal

Appeals to review a case for sentence appropriateness is one of the unique and longstanding features of the Uniform Code of Military Justice.  See, e.g., United States v. Boone, 49 MJ 187, 192 (1998); United States v. Lanford, 6 USCMA 371, 378-39, 20 CMR 87, 94-95 (1955).  As we noted in United States v. Lacy, 50 MJ 286, 287-88 (1999):

> Congress . . . has provided the Courts of Criminal Appeals not only with the power to determine whether a sentence is correct in law and fact, but also with the highly discretionary power to determine whether a sentence "should be approved."  Art. 66(c), UCMJ, 10 USC § 866(c).  The power to determine whether a sentence should be approved has no direct parallel in the federal civilian sector, which relies on sentencing guidelines.

The "power to review a case for sentence appropriateness . . . includes but is not limited to consideration of uniformity and evenhandedness of sentencing decisions," which may include consideration of a sentence imposed by a civilian court in a closely related case.  United States v. Sothen, 54 MJ 294, 296-97 (2001).  The power to review the entire record for sentence appropriateness includes the power to consider the allied papers, as well as the record of trial proceedings.  See United States v. Healy, 26 MJ 394, 395 (CMA 1988); see also Boone, supra (discussing limitations applicable to supplementation of the record during review under Article 66(c)).  In reviewing the exercise of Article 66(c)

sentencing powers, the role of our Court "is to determine, as a matter of law, whether a Court of Criminal Appeals abused its discretion or caused a miscarriage of justice in carrying out its highly discretionary sentence appropriateness role." United States v. Wacha, 55 MJ 266, 268 (2001)(citation and internal quotations omitted).

In the present case, the Court of Criminal Appeals was statutorily required to review the entire record to determine whether the sentence, as approved by the convening authority, should be approved on appeal. The statute authorized the Court of Criminal Appeals to consider matters submitted to the convening authority that were contained within the record, such as the material concerning the parallel civilian proceedings. The court could consider this information, which appellee had brought to the attention of the convening authority on the issue of punishment and rehabilitative potential, on the issue of sentence appropriateness. The judges of the court also could bring to bear their wisdom, experience, and expertise during the court's consideration of sentence appropriateness. See United States v. Ballard, 20 MJ 282, 286 (CMA 1985). In so doing, they could consider the potential impact of administrative and nonjudicial means of disposition under service regulations, customs, and policies. See United States v. Kelly, 40 MJ 558, 574 (NMCMR 1994)(consideration of nonjudicial disposition of co-

actor's case as a basis for sentence reduction under Article 66(c)).

The issue before our Court is not whether we would have reached the same result, but whether the Court of Criminal Appeals abused its discretion in doing so.  In the present case, the lower court discussed a wide variety of subjects in a manner that raises the possibility that the court acted because it viewed the state court proceedings as inappropriate and sought to lessen the punishment from those proceedings.  Under Article 66(c), however, although the court may take into account factors in the record such as the conviction and punishment by state authorities for the same act, it is limited to considering whether the military sentence is inappropriate.  Accordingly, we remand the case to the court below for a de novo review of appellant's military sentence under Article 66(c).

## III.  DECISION

The decision of the United States Coast Guard Court of Criminal Appeals is set aside.  The record of trial is returned to the General Counsel of the Department of Transportation for remand to the Court of Criminal Appeals for further proceedings consistent with this opinion.  Thereafter, the record of trial shall be returned directly to this Court.

<u>United States v. Hutchison</u>, No. 02-5001/CG

CRAWFORD, Chief Judge (concurring):

The majority opinion does not preclude the consideration of uncontested documents that relate to the state court conviction and any confinement resulting therefrom.  Furthermore, it may be appropriate to order a hearing (<u>United States v. DuBay</u>, 17 USCMA 147, 37 CMR 411 (1967)) to ascertain facts, to include the temporal relationship between the court-martial and state prosecution, the reasons for the state prosecution, and the reason for appellant's incarceration by the State of South Carolina, which are not contained within the record of trial and may be necessary for final disposition.

United States v. Hutchinson, No. 02-5001/CG

SULLIVAN, Senior Judge (concurring):

The remand of this case to the Coast Guard Court of Criminal Appeals makes clear that a Court of Criminal Appeals does not have "carte blanche" authority to do justice, as stated in United States v. Claxton, 32 MJ 159, 162 (CMA 1991). It is a court of law, and it is subject to the restraints of the law, even in the exercise of its unique sentence approval powers. Id. at 165 (Sullivan, C.J., concurring in part and in the result). In my view, if the Court of Criminal Appeals used its sentence approval power to send a message to the state court that its proceedings were inappropriate, such action would be an abuse of discretion. See United States v. Tardif, No. 01-0520, __ MJ __, __(2002)(Sullivan, S.J., dissenting) (use of Court of Criminal Appeals sentence approval powers to send message to military authorities that post-trial delay is unacceptable is beyond authority of Article 66(c), UCMJ).

My own review of the Court of Criminal Appeals opinion in this case, however, reveals no such intent on the part of that court. In my view, its sole purpose was to approve an appropriate sentence for appellee in light of all the circumstances in the record, including his subsequent conviction and punishment in state court, which was noted during the post-trial clemency process. See United States v. Hutchinson, 55 MJ 574, 581 (C.G.Ct.Crim.App. 2001). The Court of Criminal Appeals'

United States v. Hutchinson, No. 02-05001/CG

dicta expressing its concern with the state court conviction and acknowledging its capacity to "lessen its effect" was just that, dicta.  Id.; see United States v. Higbie, 12 USCMA 298, 300, 30 CMR 298, 200 (1961).  Nevertheless, I have no objection to this case being remanded to the Court of Criminal Appeals to reassure the majority on this point.