SULLIVAN, Senior Judge
(dissenting):
I see no reason to reverse and remand this case. I would affirm. There was no prejudice to appellant from the post-trial delay in this case, and no appellate relief is otherwise required by law. See Article 59(a), UCMJ. The majority today creates a new equity-type supervisory power for the Courts of Criminal Appeals. This is judicial activism, and I dissent.
This Court granted review on the following question of law:
WHETHER THE COAST GUARD COURT OF CRIMINAL APPEALS ERRED IN CONCLUDING THAT APPELLANT HAD NOT BEEN PREJUDICED BY EXCESSIVE POST TRIAL DELAY WHERE THE COURT BELOW CONCLUDED THAT THE DELAY WAS BOTH “UNEXPLAINED AND UNREASONABLE” AND “CASTS A SHADOW OF UNFAIRNESS OVER OUR MILITARY JUSTICE SYSTEM.”
We review a Court of Criminal Appeals decision on prejudice resulting from post-trial delay on a de novo basis. See United States v. Banks, 7 MJ 92 (CMA 1979). It is *229 key to this case that both the Government and appellant concede that appellant has not suffered material prejudice from the post-trial delay in this case so as to warrant reversal of his conviction. See United States v. Hudson, 46 MJ 226 (1997); United States v. Jenkins, 38 MJ 287 (CMA 1993). The court below and I both agree that the post-trial delay in this case did not legally prejudice appellant as required by our case law for appellate relief. See United States v. Gray, 22 USCMA 443, 445, 47 CMR 484, 486 (1973); United States v. Timmons, 22 USCMA 226, 227, 46 CMR 226, 227 (1973).
Appellant, however, argues that this Court’s decisions requiring a showing of legal prejudice for reversal do not bind the Court of Criminal Appeals or preclude it from granting a lesser form of sentence relief (confinement reduction) based on a simple showing of unreasonable post-trial delay. But see United States v. Timmons, supra (holding “post-trial delay, standing alone without prejudicial error in the trial proceedings, will not require relief on otherwise proper findings and sentences”). He cites the “unique” sentence approval powers of the lower appellate court under Article 66(c), UCMJ, as legal authority for such action. See also United States v. Collazo, 53 MJ 721 (Army Ct.Crim.App.2000).
Appellant’s particular argument in this regard is as follows:
Appellant does not contend that a “legal error” has been committed such as would warrant dismissing the charges. Yet, by the lower court’s ruling that the post trial delay was “both unexplained and unreasonable” and “casts a shadow of unfairness over our military justice system,” his case was quite possibly one in which something less than the entire sentence should have been approved. The Coast Guard Court, however, by focusing on this court’s Article 67(c) standard of review, appears to have overlooked its responsibility under Article 66(c). While the court did not explicitly say so, it is apparent from the majority decision that the court viewed itself as powerless to award any relief for post trial delay because Appellant had not established legal prejudice. While adherence to both the letter and the spirit of this court’s precedents is laudable, there is nothing in the history of this court which requires a service court to sit on its hands while a practice which compromises the integrity of the military justice system in the eyes of the world is allowed to flourish.
Final Brief at 31 (emphasis added).
I have read carefully the opinions of the Court of Criminal Appeals in this case and conclude that it has not overlooked its responsibility under Article 66(c). In its original opinion, it stated, “Moreover, on the basis of the entire record, we have determined that this sentence should be approved.” 55 MJ at 669. The lower court was well aware of its sentence approval power and did not state it was barred from considering simple post-trial delay as one factor among many in determining an appropriate sentence. Absent such a statement, appellant’s argument is pure speculation and invites us to overstep our jurisdictional bounds. See United States v. Higbie, 12 USCMA 298, 300, 30 CMR 298, 300 (1961); see also United States v. Christopher, 13 USCMA 231, 236, 32 CMR 231, 236 (1962).
In addition, I disagree with appellant that the sentence approval powers of the Courts of Criminal Appeals should be used to “combat the recurrent problem of unexplained and inordinate post-trial delay in the review of courts-martial.” Final Brief at 10. Article 66, UCMJ, expressly limits the Courts of Criminal Appeals’ exercise of this unique sentencing power to matters in the “entire record” before them. This limitation on the sentence approval powers under Article 66, UCMJ, is consistent with the intent of Congress to provide each individual military accused “a specially suited sentence.” See United States v. Stene, 7 USCMA 277, 281, 22 CMR 67, 71 (1956). Clearly, its exercise as a judicial tool to remedy unevidenced problems in the military justice system at large is inconsistent with this statutory purpose and “ultra vires.” See United States v. Hasting, 461 U.S. 499, 505-07, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) (holding that the interests preserved by the doctrine of harmless error cannot be lightly and casually ig *230 nored in order to chastise what court viewed as prosecutorial overreaching).
Finally, I am aware that a majority of this Court in the past has quite broadly construed Article 66(c), UCMJ, to provide to a Court of Criminal Appeals an essentially unreviewable “carte blanche to do justice” for a military accused. See United States v. Claxton, 32 MJ 159, 162 (CMA 1991). In Claxton, this Court approved the service appellate court's decision to ignore the law of waiver in order to grant sentencing relief to an accused for an unobjeeted to evidentiary error occurring during a sentence hearing. I did not agree with this movement to create courts of equity, not of law, in our subordinate court system. United States v. Claxton, supra at 165 (Sullivan, C.J., concurring in part and in the result). More recently, in United States v. Quiroz, 55 MJ 334, 338-39 (2001), a majority of this Court even went so far as to permit the appellate court below to ignore the law of multiplicity in granting findings relief while vaguely citing the service appellate court’s power under Article 66(e), UCMJ.
This aberrant line of decisions should not be extended here to hold that the Courts of Criminal Appeals may also flout the law on post-trial delay in discharging their sentence approval function. See United States v. Hutchison, 57 MJ 231 (2002)(holding a Court of Criminal Appeals may not exercise its sentence approval powers to criticize a state court conviction). Article 66(c), UCMJ, was not intended by Congress as a means for a subordinate court to evade or avoid unpopular legal precedent of this Court. See United States v. Sills, 56 MJ 239 (2002). This is neither the letter nor the spirit of Article 66(c), UCMJ, nor is it what the Supreme Court meant by the “power to determine sentence appropriateness.” See Jackson v. Taylor, 353 U.S. 569, 576, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957) (holding Article 66(c) permits reassessment of sentence by service appellate court after legal error found); see also United States v. Healy, 26 MJ 394, 396 (CMA 1988). In my view, the service appellate court abuses its discretion when it exercises its sentencing approval power in deliberate derogation of our legal precedent. See generally United States v. Dukes, 5 MJ 71, 73 (CMA 1978).
Accordingly, I again dissent and urge this Court to return to the rule of law as enacted by Congress. See United States v. Quiroz, supra at 345 (Sullivan, J., dissenting); United States v. Waymire, 9 USCMA 252, 255, 26 CMR 32, 35 (1958). The sentence approval powers given to the service appellate courts are indeed unique, but it is equally clear that Congress did not envision them as a standardless supervisory remedy for judicially perceived inequities in the military justice system. See United States v. Sothen, 54 MJ 294, 296 (2001); United States v. Christopher, 13 USCMA at 236-37, 32 CMR at 236-237. Moreover, when the Courts of Criminal Appeals exercise their unique sentence approval powers under Article 66(c), UCMJ, they should do so based on the entire record, and consistent with constitutional and statutory law, as well as our decisional precedent.* See United States v. Higbie, 12 USCMA at 300, 30 CMR at 300; United States v. Claxton, supra at 165 (Sullivan, C.J., concurring in part and in the result).
In sum, I believe the Court below was right when it stated in its original opinion in this case:
[W]e are to be guided by the opinions of the Court of Appeals for the Armed Forces on this subject [post-trial delay by the convening authority]. Applying the standard that Court has set forth, we find that prejudice directly attributable to the delay in this case has not been established, and thus no relief is warranted.
55 MJ at 669. The court below was following the law. The majority now is making new law, a process best left to Congress.

 The majority remands this case for reconsideration on the basis that the appellate court below misunderstood its broad authority under Article 66(c), UCMJ. It then proceeds to redefine the law of post-trial delay and hold that unreasonable prejudicial post-trial delay may be remedied by confinement credit. I disagree with the first holding and conclude that, under the majority’s remand, the second holding is clearly dicta which should not be decided in this case.