SULLIVAN, Senior Judge
(concurring):
The remand of this ease to the Coast Guard Court of Criminal Appeals makes clear that a Court of Criminal Appeals does not have “carte blanche” authority to do justice, as stated in United States v. Claxton, 32 MJ 159, 162 (CMA 1991). It is a court of law, and it is subject to the restraints of the law, even in the exercise of its unique sentence approval powers. Id. at 165 (Sullivan, C.J., concurring in part and in the result). In my view, i/-the Court of Criminal appeals used its sentence approval power to send a message to the state court that its proceedings were inappropriate, such action would be an abuse of discretion. See United States v. Tardif, 57 MJ 219, 228 (2002)(Sullivan, S.J., dissenting) (use of Court of Criminal Appeals sentence approval powers to send message to military authorities that post-trial delay is unacceptable is beyond authority of Article 66(c), UCMJ).
My own review of the Court of Criminal Appeals opinion in this case, however, reveals no such intent on the part of that court. In my view, its sole purpose was to approve an appropriate sentence for appellee in light of all the circumstances in the record, including his subsequent conviction and punishment in state court, which was noted during the post-trial clemency process. See United States v. Hutchison, 55 MJ 574, 581 (C.G.Ct.Crim.App. 2001). The Court of Criminal Appeals’ dicta expressing its concern with the state court conviction and acknowledging its capacity of “lessen its effect” was just that, dicta. Id.; see United States v. Higbie, 12 USCMA 298, 300, 30 CMR 298, 300 (1961). Nevertheless, I have no objection to this ease being remanded to the Court of Criminal Appeals to reassure the majority on this point.