# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant KYLE A. BEITEL
## United States Air Force

## ACM 38650

## 2 November 2015

Sentence adjudged 29 April 2014 by GCM convened at Seymour Johnson Air Force Base, North Carolina. Military Judge: Joshua E. Kastenberg (arraignment) and Donald R. Eller (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 9 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Major Mary Ellen Payne; Gerald R. Bruce, Esquire; and Mr. Tyler Smith (civilian intern).[1]

Before

HECKER, MITCHELL, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

HECKER, Senior Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, consistent with his plea, of sexual abuse of a minor, in violation of Article 120b, UCMJ, 10 U.S.C. § 920b. He was sentenced to a bad-conduct discharge,

---

[1] Mr. Tyler Smith was not a licensed attorney during his participation in this case. In accordance with AFCCA Rule of Practice and Procedure 6.1, he was supervised by attorneys admitted to practice before this court.

confinement for 9 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, Appellant contends his sentence to a punitive discharge is inappropriately severe. We disagree and affirm.

*Background*

In November 2012, the 24-year-old Appellant engaged in non-sexual conversations through Facebook with a relative who he knew was 15 years old. On 9 December 2012, Appellant sent her several photographs of himself while he was in various stages of undressing from his military uniform, as well as a movie of himself masturbating. Over the next three hours, he engaged in a conversation with her through Facebook's electronic messaging system, asking her to send him nude photographs of herself and providing her with instructions on how to do so. He also described certain sexual activities that he would like to engage in with her. The two also discussed meeting in person for a sexual encounter.

After the images and chat logs were found by a family friend of the 15-year-old child, civilian and military law enforcement began investigating the situation. For this course of conduct, Appellant ultimately pled guilty to subjecting the child to sexual abuse by intentionally exposing his penis and communicating indecent language to her.

*Sentence Appropriateness*

During his guilty plea inquiry, Appellant told the military judge that he had been drinking on 9 December 2012 and was also depressed due to relationship and financial problems he was having with his girlfriend. When the military judge asked about his level of intoxication, Appellant explained he knew what he was doing when he communicated with the girl and could have avoided doing so. In his unsworn statement, Appellant provided information on his inappropriate decision to engage in sexual communications with a minor, including that he was under stress due to his relationship and financial problems and that he elected to relieve some of that stress by engaging in these communications. He also described his deployment to Afghanistan between September and December 2011. During this time frame, his base was subjected to significant rocket and mortar fire. On one day, Appellant and his crew members, working without body armor, were required to run to bunkers on three occasions when the base was under attack.

Through a declaration submitted on appeal, Appellant states he was suffering from undiagnosed post-traumatic stress disorder (PTSD) at the time he engaged in his misconduct, which caused him to start drinking alcohol heavily upon his return, including on the night in question. He states he was not diagnosed with this disorder until he

ACM 38650

sought mental health treatment at the confinement facility following his court-martial. He has not provided this court with any mental health records substantiating this claim as he states his efforts to retrieve these records have been unsuccessful.[2] Appellant recognizes that PTSD would not constitute a legal justification or excuse for his misconduct, but he argues that its significant role in his misconduct would have been mitigating for sentencing purposes.[3] He contends his sentence is inappropriately severe in light of his diagnosis and asks this court to set aside his punitive discharge or, in the alternative, order a sentence rehearing where this information can be presented.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citing *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010). In exercising our discretion in this regard, we may consider the allied papers and an appellant's post-trial matters submitted to the convening authority pursuant to Rules for Courts-Martial (R.C.M.) 1105 and 1106. *See United States v. Hutchinson*, 57 M.J. 231, 234 (C.A.A.F. 2002); *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

Here, Appellant's mental health information was not submitted to the convening authority before he took action in the case and thus is not found anywhere in the record of trial. In a prior case, our superior court has upheld our refusal to accept similar information submitted on appeal, holding we have "no duty" to receive such information when it relates only to clemency. *Healy*, 26 M.J. at 397.[4] The court also noted that the

---

[2] In one of his requests for an extension of time to submit his brief, Appellant's counsel states the confinement facility told Appellant it no longer had his records since he had been released from confinement, and directed Appellant to the Department of Veterans Affairs. Personnel at that organization conducted a record check and were unable to find his records, and directed Appellant to personnel at Lackland Air Force Base, Texas. Personnel there acknowledged their computer system showed Appellant's records were supposed to be in their office but the records could not be found. Those personnel had no explanation for this discrepancy.

[3] Appellant is not contending that his post-trial diagnosis raises the issue of lack of mental responsibility at the time of his offense, an issue that can, in some circumstances, be raised for the first time on appeal. *See United States v. Murphy*, 50 M.J. 4, 15 (C.A.A.F. 1998).

[4] The *Healy* court noted that if psychiatric evidence of insanity has come to light after the convening authority's action, a service court can receive that information relative to the appellant's mental responsibility for the crime, his competence to stand trial, or cooperate with the appeal. *United States v. Healy*, 26 M.J. 394, 397 n.6 (C.M.A. 1988). "Once admitted for this purpose, the information would be in the 'record' and presumably could be used by the [service court] in performing its task of determining what sentence is appropriate." *Id.* None of these scenarios apply to the information provided by Appellant in this case.

UCMJ provides no method by which an accused and his counsel can supplement the record with such information or otherwise bring such information to the attention of a service court. *Id.* at 396–97. From this omission, the court inferred, "Congress never intended that a [service court] would be under any *duty* to receive additional information on sentencing after the convening authority had acted." *Id.* (emphasis added).

By concluding a service court was not *required* to receive such information, our superior court determined it "need not decide" whether a service court can *choose* to grant a motion to supplement the record of trial with such information or whether an appellant can ask a service court to remand the case to a convening authority for a supplemental clemency review or sentence rehearing. *Id.* Indeed, in a later decision, our superior court reiterated that the *Healy* decision did not say a service court "must not" receive such evidence, simply that it was not "required to" do so. *United States v. Boone*, 49 M.J. 187, 192–93 (C.A.A.F. 1998).

In a previous decision that did not expressly reference these precedents, we stated, "Generally, after the convening authority has taken action, an appellant is not entitled to submit matters from outside the record for our consideration on the issue of sentence appropriateness," and we then declined to consider a post-action psychological evaluation offered for that purpose.[5] *United States v. Roberts*, ACM S30264, unpub. op. at 2 (A.F. Ct. Crim. App. 18 February 2005). However, we have more recently accepted and considered such supplemental information as part of an appellant's request that his punitive discharge be set aside as inappropriately severe. *See United States v. Flester*, ACM S31965, unpub. op. at 4 (A.F. Ct. Crim. App. 5 March 2013).

In this case, we granted Appellant's motion to submit his declaration, in the absence of any objection from the Government. Even considering this information about Appellant's diagnosis, however, we find Appellant's sentence is not inappropriately severe. Appellant subjected a young relative to sexual conversations and sent her sexually-explicit images of himself and solicited her to do the same. According to a stipulation of expected testimony from the victim, this situation created a rift in her family which was causing her distress. Appellant presented the military judge with information on why he engaged in this behavior and also described the stressful situation he experienced while deployed. When considering all the circumstances and the information presented at trial, we find a diagnosis of PTSD would not further mitigate Appellant's actions.

---

[5] We then discussed whether this psychological diagnosis constituted "newly discovered evidence" entitling him to a new "trial" on sentencing and evaluated his claim under Rule for Courts-Martial 1210(f)(2). *United States v. Roberts*, ACM S30264, unpub. op. at 4 (A.F. Ct. Crim. App. 18 February 2005). The Government urges us to follow that same path here, but we decline to do so.

*Conclusion*

The approved finding and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. § 859(a), 866(c). Accordingly, the approved finding and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court