# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40004**

————————————

**UNITED STATES**
*Appellee*

v.

**Damien F. WALTON**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 February 2022

————————————

*Military Judge:* Brett A. Landry.

*Sentence:* Sentence adjudged on 17 October 2020 by GCM convened at Eielson Air Force Base, Alaska. Sentence entered by military judge on 12 November 2020: Bad-conduct discharge, confinement for 11 months, forfeiture of all pay and allowances, and a reprimand.

*For Appellant:* Lieutenant Colonel Garrett M. Condon, USAF.

*For Appellee:* Major Kelsey B. Shust, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and CADOTTE, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

In accordance with his pleas and pursuant to a plea agreement, Appellant was convicted of two specifications of absence from his unit, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886;[1] one specification each of wrongful distribution of a Schedule II controlled substance (Adderall), use of marijuana on divers occasions, and possession of marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a; one specification of wrongful access of a government computer, in violation of Article 123, UCMJ, 10 U.S.C. § 923; and one specification of transferring with the intent to traffic the identity of another (names and social security numbers) in violation of 18 U.S.C. § 1028(a)(7), and one specification of wire fraud in violation of 18 U.S.C. § 1343, both in violation of Article 134, UCMJ, 10 U.S.C. § 934.[2,3]

The maximum punishment based on the convicted offenses included a dishonorable discharge and 50 years' confinement. The plea agreement between Appellant and the convening authority required the military judge to adjudge no less than 6 months' and no more than 14 months' total confinement for all the offenses, and specifically did not require the periods of confinement to run concurrently or consecutively.[4] The military judge sentenced Appellant to some period of confinement for each specification, and determined they all would run concurrently, resulting in a sentence of 11 months' confinement, in addition to a bad-conduct discharge, forfeiture of all pay and allowances, and a reprimand. The convening authority took no action on the sentence, denied Appellant's request for deferral of forfeitures, and provided the language of the reprimand.

Appellant raises one issue on appeal, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): whether his sentence is inappropriately

---

[1] One of these specifications was charged as desertion, in violation of Article 85, UCMJ, 10 U.S.C. § 885; Appellant pleaded guilty to the lesser-included offense.

[2] All offenses were committed after 1 January 2019. All references to the UCMJ are to the *Manual for Courts-Martial*, *United States* (2019 ed.).

[3] In accordance with the plea agreement (PA), the Government withdrew and dismissed with prejudice one specification of violation of a lawful general regulation, one specification of wrongful use of a Schedule II controlled substance (oxycodone), and one specification of credit card fraud, in violation of Articles 92, 112a, and 121a, UCMJ, 10 U.S.C. §§ 892, 912a, 921a.

[4] The PA specified the minimum and maximum periods of confinement for each specification.

severe. We find no error that materially prejudiced Appellant's substantial rights, and we affirm the findings and sentence.[5]

## I. DISCUSSION

### A. Sentence Appropriateness

#### 1. Law

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (footnote omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). "[T]he statutory phrase 'should be approved' does not involve a grant of unfettered discretion but instead sets forth a legal standard subject to appellate review." *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (first citing *United States v. Hutchison*, 57 M.J. 231, 234 (C.A.A.F. 2002); and then citing *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999)). "Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency." *United States v. Fields*, 74 M.J. 619, 625 (A.F. Ct. Crim. App. 2015) (citing *Nerad*, 69 M.J. at 146) (additional citation omitted).

#### 2. Analysis

Appellant claims his sentence was inappropriately severe, and asks this court to disapprove the bad-conduct discharge or, in the alternative, reduce the length of confinement adjudged. He notes he served the Air Force for over three years, including one "overseas assignment" in Alaska. Additionally, sentencing witnesses testified or provided statements admitted into evidence showing "the significant challenges he had growing up, the lack of general life experience he had coming into the Air Force, and the lack of support he received from members of his supervisory chain." He also highlights his plea of guilty pursuant to a plea agreement, and the harsh and dangerous conditions he faced in pretrial

---

[5] Although not raised by Appellant, we have also considered whether he is entitled to relief for facially unreasonable post-trial delay. Appellant was sentenced on 17 October 2020, the convening authority (CA) took action on 30 October 2020, and his case was docketed with this court on 6 January 2021. While the CA's decision on action to docketing exceeded 30 days, *see United States v. Moreno*, 63 M.J. 129, 150 (C.A.A.F. 2006), post-trial processing of Appellant's case did not exceed the 150-day threshold for a facially unreasonable delay pursuant to *United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020) (applying a 150-day threshold to an automatic appeal pursuant to Article 66(b)(3), UCMJ, 10 U.S.C. § 866(b)(3)).

confinement in a civilian facility during the COVID-19 pandemic. He asserts that these matters "were not adequately taken into consideration by the military judge."

We agree with the Government's characterization of Appellant's various crimes "that demonstrated Appellant's lack of respect, not only for the Air Force but for his fellow [A]irmen." Specifically, Appellant used marijuana several times with other Airmen on base; provided a prescription amphetamine to another Airman; schemed with civilian friends to defraud Airmen whose social security numbers Appellant wrongfully accessed; and twice absented himself from his unit, the second ending in apprehension and while Appellant possessed marijuana. One defrauded victim experienced an increase in lending rates and the costs associated with changing his legal name, done to "reclaim some small sense of security in [his] social identity."

Moreover, the Government asserts "there is nothing redeeming in Appellant's record of service," and highlights the letter of counseling, three letters of reprimand, and nonjudicial punishment that were admitted during presentencing.

We have considered Appellant, the nature and seriousness of his crimes, his record of service, and all matters contained in the record of trial. *See Fields*, 74 M.J. at 625. Appellant's sentence is not inappropriately severe; no relief is warranted.

The findings and sentence as entered are correct in law and fact, and no error prejudicial to the substantial rights of the Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court