# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

_____

### No. ACM S32697

_____

### UNITED STATES
*Appellee*

**v.**

### Lucero PACHECO
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 26 July 2022

_____

*Military Judge:* Christopher D. James.

*Sentence:* Sentence adjudged on 5 April 2021 by SpCM convened at Offutt Air Force Base, Nebraska. Sentence entered by military judge on 21 April 2021: Bad-conduct discharge, confinement for 45 days, and reduction to E-1.

*For Appellant:* Major Ryan S. Crnkovich, USAF; Major Eshawn R. Rawlley, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and MERRIAM, *Appellate Military Judges*.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

PER CURIAM:

A special court-martial composed of a military judge alone found Appellant guilty, in accordance with her pleas and a plea agreement, of one specification of conspiracy to distribute marijuana, in violation of Article 81, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 881; one specification of wrongful distribution of marijuana on divers occasions, in violation of Article 112a, UCMJ,

10 U.S.C. § 912a; and one specification of wrongful possession of marijuana, in violation of Article 112a, UCMJ.[1] As part of a plea agreement with the convening authority, Appellant waived her right to a trial by members and requested to be tried by military judge alone. Pursuant to the plea agreement, two other specifications were withdrawn and dismissed with prejudice. The plea agreement established a minimum of 30 days' and a maximum of 4 months' confinement for each specification, and that confinement for each specification was to be served concurrently. The plea agreement imposed no other limitations on sentence. The military judge sentenced Appellant to a bad-conduct discharge; confinement for 45 days for the wrongful distribution specification and 30 days for each of the other two specifications, all to run concurrently; and reduction to the grade of E-1.

Appellant asserts one assignment of error, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): that her sentence, which includes a bad-conduct discharge, is inappropriately severe. Finding no error that materially prejudiced a substantial right of Appellant, and concluding that the sentence is correct in law and fact and should be approved, we affirm the findings and sentence.

## I. BACKGROUND

Appellant entered active duty on 25 July 2017. Roughly three years later, in the summer of 2020, Appellant sold marijuana on divers occasions to another Airman, wrongfully possessed marijuana, and conspired with her younger sister to distribute marijuana.

On or about 9 July 2020, Airman First Class (A1C) JG, then an active duty Air Force member and, unbeknownst to Appellant, a confidential informant for the Air Force Office of Special Investigations, contacted Appellant asking to purchase cocaine from her.[2] Appellant advised A1C JG she did not have cocaine, but could sell him some marijuana. On 10 July 2020, Appellant took approximately two grams of a marijuana concentrate known as "marijuana wax" from her roommate without his knowledge and delivered it to A1C JG in an off-base superstore parking lot in exchange for $120.00. On 23 July 2020, Appellant sold to A1C JG a tetrahydrocannabinol-infused vape pen tip, more marijuana wax, and an additional eighth of a gram of marijuana for $200.00.

---

[1] All offenses were committed after 1 January 2019. All references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant did not claim entrapment, and we are satisfied from our review of the record that defense was not raised.

On 26 July 2020, Appellant asked her younger sister, Ms. RH, to procure marijuana substances in California and ship them across state lines to her in Nebraska.

## II. DISCUSSION

We review claims that a sentence is inappropriate de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Our authority to determine sentence appropriateness "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). "[T]he statutory phrase 'should be approved' does not involve a grant of unfettered discretion but instead sets forth a legal standard subject to appellate review." *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (first citing *United States v. Hutchison*, 57 M.J. 231, 234 (C.A.A.F. 2002); then citing *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); and then citing *United States v. Christopher*, 32 C.M.R. 231, 236 (C.M.A. 1962)). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *Id.* In assessing sentence appropriateness, this court considers "the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (citation omitted).

Appellant offers multiple reasons to support her claim that her sentence to a bad-conduct discharge, 45 days' total confinement, and reduction to E-1 is inappropriately severe. Appellant argues the controlled substance she distributed "does not pose the same level of health risk associated with other substances in its schedule and has widely-recognized medicinal properties," the Airman to whom she distributed marijuana did not use the marijuana, and her conspiracy to distribute the marijuana was initially motivated by providing relief to a suffering roommate. Appellant also cites her "excellent four-year performance in the Air Force," as indicated by the testimony during presentencing of two senior noncommissioned officers, both of whom noted her positive duty performance and good rehabilitation potential. In addition, Appellant mentions her significant volunteer activities. Finally, Appellant references her tragic upbringing, some details of which she provided during her unsworn statement, and her desire to help contribute to her family financially.

The offenses to which Appellant pleaded guilty are serious. Selling controlled substances to another Airman is, in itself, serious. The seriousness of

the offenses is further indicated by the fact that the law authorizes up to 32 years' confinement and a dishonorable discharge for the offenses of which she was convicted. Appellant's punitive exposure was reduced greatly when the convening authority referred the case to a special court-martial and further reduced when the convening authority agreed to a plea agreement that capped the maximum confinement at four months. The adjudged and entered sentence to a total of 45 days' confinement was nearer the minimum confinement of 30 days than the maximum punishment of 4 months authorized under the plea agreement to which Appellant agreed before she was sentenced.

Appellant's explanation of some of her actions during her unsworn statement seems, at best, confusing. In an unsworn statement during the presentencing proceeding, Appellant stated she requested the marijuana from her sister to provide it to her roommate, Mr. EJ, to use for medical or mental health purposes. However, evidence demonstrated that though Appellant initially requested Ms. RH address the package to her roommate, she then changed her mind and requested Ms. RH address the package to the fake name "Juan Carlos." As indicated in the stipulation of fact and attached text conversation, Appellant apparently had the shipment addressed to a fake name so that Mr. EJ did not take her marijuana. Moreover, when mentioning the same shipment of marijuana to Mr. EJ, Appellant told him "it's mine." Appellant also failed to explain why she needed to obtain marijuana for Mr. EJ, who apparently already possessed marijuana. Finally, she failed to explain why, if she was concerned about Mr. EJ's mental health and need for marijuana, she previously took his marijuana without his knowledge and sold it to A1C JG. We also note that she conspired to obtain and distribute marijuana to Mr. EJ after already selling marijuana to A1C JG on divers occasions.

Appellant's argument that her "excellent" Air Force performance "weighs heavily against the notion that a bad conduct discharge is an appropriate punishment in this case" falls flat. While some testimony regarding Appellant's duty performance was positive, other testimony and documentary evidence indicated her duty performance was less than ideal. Though Appellant's significant personal volunteer activities in the local community are commendable, and her duty performance included some positive aspects, they did not render her adjudged sentence for serious crimes inappropriate.

Having considered the nature and seriousness of the offenses of which Appellant was convicted, and all matters contained in the record of trial, to include all matters Appellant submitted in extenuation, mitigation, and clemency, we conclude the adjudged and entered sentence is not inappropriately severe. *See Sauk*, 74 M.J. at 606.

## CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court